UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| SONYA COLOMBARO<br>    1859 Boxelder Rd.<br>    Oregon OH 43616.<br><br>             Plaintiff,<br><br>          v.<br><br>LUCAS COUNTY BOARD OF<br>COMMISSIONERS<br>On behalf of Lucas County Sheriff's office<br>    One Government Center<br>    Suite 800<br>    Toledo, OH 43604<br><br>LUCAS COUNTY SHERIFF'S OFFICE<br>    1622 Spielbusch Avenue<br>    Toledo, OH 43604<br><br>             Defendants. | Civil Action No.: _____<br><br><br><br><br><br><br><br><br>COMPLAINT<br>AND JURY DEMAND |

## COMPLAINT

Plaintiff Sonya Colombaro, by and through her attorneys, alleges as follows against Defendants Lucas County Board of County Commissioners and Lucas County Sheriff's Office ("Defendants"):

## NATURE OF THE CASE

1. This is an action brought to remedy sex discrimination and sexual harassment that Defendants failed to take prompt and appropriate action to curtail in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and Ohio Revised Code ("R.C.") Chapter 4112.

2. Plaintiff has endured and continues to endure severe and pervasive sexual harassment as a result of: (a) the exceptionally vulgar, offensive and demeaning sexually disorderly conduct that male inmates direct at her because she is a woman, and (b) Defendants' refusals or failures to take adequate steps reasonably calculated to curtail that harassment.

3. The harassment to which Ms. Colombaro has been subjected is egregious. Among other things, male inmates routinely: (a) expose their genitals to her; (b) engage in exhibitionist masturbation in front of her; (c) subject her to a daily barrage of sexualized epithets, insults, comments, and gestures; and (d) threaten sexual violence against her. Male correctional officers are rarely, if ever, subjected to this harassment.

4. The harassment of Plaintiff by male inmates has been so frequent, pervasive, unwelcome, and consistently traumatizing that it made the Lucas County Correctional Center ("Correctional Center") an objectively abusive, hostile, oppressive, and dangerous workplace for her, adversely changing the terms and conditions of her employment.

5. Defendants are aware of this harassment because among other things it is open and obvious and Complainant and other employees have discussed it with management. By failing to take steps to curtail the harassment, the Defendants have enabled the harassment. They tolerate a workplace in which males regularly expose their genitals to women, engage in exhibitionist masturbation in plain view of women and bombard women with sexually vulgar epithets, gestures, and threats. They bear legal responsibility for a workplace in which inmates are rarely disciplined for this harassment and in which women who complain about it are often ignored.

6. Defendants are capable of curtailing the sexual harassment against Ms. Colombaro. Pervasive indecent exposure, open masturbation, and sexual disorderly conduct by male inmates, against female employees, are not the norm at other jails. Well-managed facilities prevent or

minimize this type of misconduct. Rather Defendants tolerate and further foster this harassment by exhibiting deliberate indifference to it.

7. Defendants have designated certain posts or worksites within the prison as gender specific so that only a female or male employee may work there. This results in female employees being deprived from working in certain locations within the Correctional Center and being required to work in other areas, such as the medical floor, where they encounter sexual harassment. Additionally, Defendants requires female employees to work overtime in gender specific positions that results in them receiving a lesser rate of pay.

## PARTIES

8. Plaintiff Sonya Colombaro is a female resident of the state of Ohio. At all times relevant to this Complaint she has been employed by the Lucas County Sheriff's Office. Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e-2 and R.C. §4112.01(A)(3).

9. Defendant Lucas County Board of County Commissioners ("County") is a political subdivision of the State of Ohio, and an employer as defined under 42 U.S.C. § 2000e-2 and R.C. §4112.01(A)(2).

10. Defendant Lucas County Sheriff's Office ("Sheriff") is an employer under 42 U.S.C. § 2000e-2 and R.C. §4112.01(A)(2) within the State of Ohio.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3).

12. This Court has supplemental jurisdiction over Plaintiff's State civil rights claims pursuant to 28 U.S.C. § 1367.

13. This Court has personal jurisdiction over Defendants Lucas County Sheriff's Office and Lucas County Board of County Commissioners because, at all times relevant, Plaintiff worked for Defendants within this District at 1622 Spielbusch Ave, Toledo, OH 43604.

14. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3), § 2000e-6(b), and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action occurred.

## EXHAUSTION

15. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a notice of her right to file a civil action on August 13, 2020. A copy of the notice is attached as Exhibit A.

16. Plaintiff does not need to administratively exhaust her claims under the Ohio Civil Rights Act.

## FACTUAL ALLEGATIONS

17. Plaintiff Sonya Colombaro has been employed by Defendants as a Correctional Officer since October 2012.

### Ms. Colombaro Was Subjected to Repeated and Unwanted Sexual Harassment by Male Inmates

18. Repeatedly and consistently since Complainant began her employment with Defendants in 2012 and continuing to the present, Sonya Colombaro has been repeatedly subjected to sexual harassment and unwanted sexual advances by male inmates, including crude and lewd comments, sexual proposals, and sexual remarks about her appearance, sexual gestures, nudity, exhibitionist masturbation, and other indecent and sexually disorderly conduct.

19. For example, Ms. Colombaro frequently worked the second shift at the Correctional Center and was required to conduct hourly window and cell inspections. She was

4

also required to perform "rounds" every half hour. Male inmates regularly exposed their genitals and masturbated at Ms. Colombaro when she conducted these inspections and rounds. Indeed, inmates intentionally waited for her with their penises out for her to see. At least one male inmate regularly exposed himself or made sexual advances/comments to Ms. Colombaro during every single hourly inspection. On numerous occasions, Ms. Colombaro observed the male inmates masturbating at her or playing with their genitals.

20. Male inmates repeatedly leered at Ms. Colombaro and subjected her to crude and sexually violent comments. For example, on one occasion an inmate said to her "girl, you thick." On another occasion, an inmate said, "I could do things to you that your man has never done before." Another time an inmate said to Ms. Colombaro "I am going to rape you to death. I'm going to have my people jump you on the outside." These are just a few examples of the harassment that Ms. Colombaro regularly experienced at the Correctional Center.

21. As another example, on or around December 14, 2017, a male inmate threw his cell door open as Ms. Colombaro walked by and proceeded to masturbate at her.

22. On or around March 4, 2018, Ms. Colombaro was assigned to monitor an inmate on suicide watch. It was widely known that this inmate was always naked and playing with his genitals. This inmate was also known to be aggressive and violent. On this day, the inmate ran out of his cell and Ms. Colombaro was forced to physically detain him while he was naked in the hallway.

23. Throughout the summer of 2018, Ms. Colombaro frequently worked on the medical floor. During that time, an inmate often wrapped himself in a blanket, cut a hole in the top, stood on a chair so that he was visible to those observing through the window, and masturbated while staring at Ms. Colombaro.

24. On or around August 19, 2018, while conducting a cell inspection, an inmate was standing in his cell with his penis in his hand waiting for Ms. Colombaro. A few hours later, he said extremely vulgar things to her, such as "were you embarrassed by what you saw? I'm not." And, "I could lick your pussy better than your boyfriend can." Ms. Colombaro shared the details of this particular incident with the inmate's counselor. Upon information and belief, the counselor then spoke with a supervisory shift Sergeant about the comments. Word got to the inmates that Ms. Colombaro discussed her concerns with the counselor and for the rest of the day, other inmates played with their penises all at once when Ms. Colombaro passed.

25. On or around December 4, 2018, Ms. Colombaro was monitoring an inmate one-on-one. When monitoring an inmate one-on-one, officers and deputies are required to maintain eye contact for the entirety of the shift. When Ms. Colombaro arrived at this inmate's cell, he had covered his window with feces and was masturbating when she walked in. Ms. Colombaro requested assistance from a supervisor, a male Sergeant, however after he left, the behavior continued for the rest of the shift. Although the Sergeant witnessed the sexual harassment, he never told the inmate to stop or took other preventative measures.

26. On one occasion, an inmate who constantly masturbated on the third floor started to flood his toilet and stated that he was doing it so that he could see the female officers when they responded. Although Defendants took corrective action against the inmate for flooding the toilet, Defendants did not take action to discipline the inmate or prevent the harassment from continuing. Ms. Colombaro continued to work around the inmate, and he continued to masturbate.

**Defendants Fostered a Discriminatory Environment and Failed to Take Any Reasonable Steps to Curtail Inmate Sexual Harassment of Female Employees**

27. Defendants knew or should have known that female employees, including Ms. Colombaro, have been repeatedly subjected to sexual harassment and unwanted sexual advances by male inmates, including crude and lewd comments, sexual proposals, and sexual remarks about their appearance, sexual gestures, nudity, exhibitionist masturbation, and other indecent and sexually disorderly conduct.

28. Defendants were aware of the harassment Ms. Colombaro experienced because, among other things, a) it was open and obvious; and b) Ms. Colombaro and other female officers reported these incidents of sexual harassment.

29. Indeed, when Ms. Colombaro started her position, she was told in training that there was nothing management could do about the sexual harassment by inmates and it was just part of the job. Ms. Colombaro was also led to believe that incident reports were reserved for more egregious events, such as physical assaults, not sexual advances by inmates.

30. Throughout Ms. Colombaro's tenure at the Correctional Center, Defendants never took her concerns about the male inmates' sexually inappropriate behavior seriously. For example, on one occasion when Ms. Colombaro complained that an inmate was masturbating while she was completing rounds, a sergeant told Ms. Colombaro that an inmate can do what he wants while he is in his cell as it is his "personal space." On another occasion when she complained about nudity and exhibitionist masturbation, Ms. Colombaro was also told that such behavior was "just inmates being inmates." Management fostered the belief that filing incident reports for inmate sexual harassment would not be taken seriously, if it was even allowed.

31. Despite Defendants' actual and constructive knowledge of the harassment Ms. Colombaro experienced, Defendants failed to take prompt and appropriate action reasonably

7

calculated to prevent the harassment from continuing. Rather, Defendants expected Ms. Colombaro to tolerate the inmates' sexual harassment.

### Defendants Discriminated Against Ms. Colombaro By Designating Certain Positions as Gender Specific

32. In addition to failing to protect female officers and deputies from inmate sexual harassment, Defendants designate certain posts or job assignments so that only a male or female employee can work there.

33. Defendants require a female officer or deputy to cover certain posts because there are, or might be, female inmates present. For example, the medical floor is considered a post where only females are allowed to work, despite the fact that male inmates are also housed there.

34. The medical floor routinely houses sexually aggressive male inmates. Indeed, upon information and belief, male inmates have pretended to be suicidal just so they will be housed where they will have contact with female employees and can subject them to vulgar, offensive and demeaning sexually disorderly conduct.

35. Additionally, Defendants prohibit female employees from working in certain locations within the Correction Center including inside the unit where inmates are housed on the sixth floor.

36. Ordinarily, employees are selected for mandatory overtime shifts based on seniority, however, Defendants routinely require female employees to work overtime more frequently as a result of the positions Defendants have specified as female only. This practice occurs on a weekly basis.

37. If an employee works more than one "regular" overtime shift in a week, the employee will be paid at two times the rate of his or her rate of pay for the second overtime shift.

Overtime shifts at female only positions are not taken into consideration when counting overtime shifts for determining whether an employee is entitled to be paid two times the rate of their pay.

38. Defendants have required Ms. Colombaro to work at a female only position, have prevented her from working at a male only position, and required her to work overtime at a female only position and has been paid at a lesser rate.

## COUNT I

**Sex Discrimination/Hostile Work Environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.**

39. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint.

40. Ms. Colombaro has been repeatedly subjected to unwanted sexual harassment from male inmates while assigned to supervise these inmates.

41. These unwanted acts of sexual harassment by male inmates have included crude and lewd comments, sexual proposals, and sexual remarks about her appearance, sexual gestures, nudity, exhibitionist masturbation, and other indecent and sexually disorderly conduct.

42. The sexual harassment directed at Plaintiff because of her sex. Male deputies were not exposed to comparable abuse.

43. The overall circumstances and sexual harassment are so severe and pervasive as to substantially and negatively alter the terms and conditions of Ms. Colombaro's employment with County and/or the Sheriff's office.

44. At all relevant times, Defendants possessed both actual and constructive knowledge of the harassment that created the hostile work environment to which Plaintiff has been subjected. In addition to the open and obvious nature of the harassment, Ms. Colombaro notified Defendants of the harassment. Despite that knowledge, the Defendants have failed to take adequate steps reasonably calculated to curtail the harassment that created that hostile work environment.

45. The cumulative effect of the sexual harassment of Ms. Colombaro by these inmates, and the Defendants' failure to address and correct this sexual harassment have created an abusive and hostile working environment.

46. There are means and measures used in other prisons and correctional institutions by which Defendants could contain, control, and minimize this sexually abusive environment. These methods and techniques used for controlling prisoner harassment of female staff are well known to corrections professionals. Despite knowledge of the conditions, and the availability of preventative measures, Defendants have failed to implement reasonable measures that would have protected Plaintiff from this damaging and abusive environment.

47. As a direct and proximate result of the Defendants' failure to take prompt and adequate steps reasonably calculated to curtail male inmates' sexual harassment directed at Plaintiff, Ms. Colombaro has been injured and damaged.

## COUNT II

**Sexual Harassment in Violation of the Ohio Civil Rights Act, R.C. §§ 4112 *et seq.***

48. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint.

49. Defendants are jointly and severally liable under R.C. §§4112.02(A) and 4112.99 for the sexual harassment perpetrated by inmates housed at the Lucas County Corrections Center.

50. At all relevant times, Defendants have been aware or should have been aware that Plaintiff was subjected to crude and lewd comments, sexual proposals, and sexual remarks about her appearance, sexual gestures, nudity, exhibitionist masturbation, and other indecent and sexually disorderly conduct by male detainees.

51. With knowledge of that harassment, Defendants nevertheless intentionally failed to take measures reasonably calculated to end or mitigate it.

52. As a direct and proximate result of Defendants' failure to take appropriate corrective steps to protect Plaintiff and address male detainees' sexual harassment of Plaintiff, Ms. Colombaro has been injured and damaged.

## COUNT III

**Gender-Specific Post Assignments in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.**

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint.

54. Defendants improperly designated positions at the Lucas County Corrections Center, including positions in the medical unit, as female-only without undertaking a proper analysis of those positions to determine whether being female was, in fact, a bona fide occupational qualification for each designated position.

55. Defendants improperly designated positions at the Correctional Center, including positions in the strict housing unit, as male-only without undertaking a proper analysis of those positions to determine whether being male was, in fact, a bona fide occupational qualification for each designated position.

56. As a direct and proximate result of Defendants' designation of gender-specific posts, female correctional officers, including Plaintiff, have been subjected to sexual harassment and unsafe working conditions.

57. As a direct and proximate result of Defendants' designation of gender-specific posts, female correctional officers, including Plaintiff, have been prohibited from working in certain posts or locations.

58. As a direct and proximate result of Defendants' designation of gender-specific posts, female correctional officers, including Plaintiff, have been forced to work overtime at a lesser rate of pay.

59. These gender-specific post designations constitute discrimination on the basis of sex in violation of Title VII. Defendants have pursued, and continue to pursue, policies and practices that discriminate on the basis of sex.

60. As a direct and proximate result of Defendants' discriminatory action, Ms. Colombaro has been injured and damaged.

## COUNT IV

**Gender-Specific Post Assignments in violation of the Ohio Civil Rights Act, R.C. §§ 4112 *et seq*.**

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint.

62. Defendants improperly designated positions at the Lucas County Corrections Center, including positions in the medical unit, as female-only without undertaking a proper analysis of those positions to determine whether being female was, in fact, a bona fide occupational qualification for each designated position.

63. Defendants improperly designated positions at the Correctional Center, including positions in the strict housing unit, as male-only without undertaking a proper analysis of those positions to determine whether being male was, in fact, a bona fide occupational qualification for each designated position.

64. As a direct and proximate result of Defendants' designation of gender-specific posts, female correctional officers, including Plaintiff, have been subjected to sexual harassment and unsafe working conditions.

65. As a direct and proximate result of Defendants' designation of gender-specific posts, female correctional officers, including Plaintiff, have been prohibited from working in certain posts or locations.

66. As a direct and proximate result of Defendants' designation of gender-specific posts, female correctional officers, including Plaintiff, have been forced to work overtime at a lesser rate of pay.

67. These gender-specific post designations constitute discrimination on the basis of sex in violation of R.C. §4112.02. Defendants have pursued, and continue to pursue, policies and practices that discriminate on the basis of sex.

68. As a direct and proximate result of Defendants' discriminatory action, Ms. Colombaro has been injured and damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court grant the following relief:

    A.    Declare that the Defendants violated the Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

    B.    Declare that the Defendants violated the Plaintiff's rights under Chapter 4112 of the Ohio Civil Rights Act;

    C.    Order the Defendants to adopt and implement policies, procedures, and practices that will protect female correctional officers from sexual harassment by male inmates;

    D.    Order the Defendants to adopt and implement policies, procedures, and practices that will allow for the equitable assignment of work assignments and overtime regardless of employee gender;

E. Order Defendants to develop and implement appropriate and effective measures to prevent discrimination, including, but not limited to, policies, procedures, and training for employees and officials;

F. Award Plaintiff pecuniary and non-pecuniary compensatory damages;

G. Order the Defendant to pay the Plaintiff's reasonable attorney's fees, costs, and expenses;

H. Award pre- and post-judgment interest; and

I. Order all other legal and equitable relief as may be just and proper.

## JURY DEMAND

Plaintiff requests a jury trial for all claims that may be tried to a jury.

DATED: November 13, 2020

*/s/ Nancy Grim*
Nancy Grim (Ohio. Bar No. 0014376)
Law Office of Nancy Grim
Kent Wells Sherman House
247 N. Water Street, Second Floor
Kent, Ohio 44240
Email: nancy.grim@nancygrimlaw.net
Phone: (330) 678-6595
Fax: (844) 270-7608

Heidi R. Burakiewicz (*Pro Hac Vice* Pending)
Kalijarvi, Chuzi, Newman & Fitch. P.C.
818 Connecticut Ave NW, Suite 1000
Washington, DC 20006
Email: hburakiewicz@kcnlaw.com
Phone: (202) 331-9260
Fax: (877) 219-7127

*Counsel for Plaintiff*